IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENDALE STEWART,

                Plaintiff,

     v.

CAPITAL NEWSPAPERS, INC.,

               Defendant.

ORDER
09-cv-554-slc

---

Plaintiff is proceeding against defendant on his claim that it discriminated against him as an employee because of race and color and then retaliated against him when he complained. Now before the court are the parties' motions to compel discovery. As set forth below, I am granting in part and denying in part each motion.

### Defendant's Motion to Compel, dkt. 24.

In its motion, defendant asks that plaintiff be compelled to provide complete responses to interrogatories 3, 4, 5, 6 and 7 in its First Set of Interrogatories and to produce documents in response to requests 1, 2, 3, 6, 7, 8, 9 and 10 in its First Request for Production of Documents. Further, defendant asks that plaintiff be compelled to answer interrogatory 2 in its Second Set of Interrogatories and to sign an authorization for release of medical records.

### 1. First Set of Interrogatories

Interrogatory 3 asks plaintiff for the names and addresses of all the schools plaintiff attended since first grade. I will not compel plaintiff to answer this interrogatory because defendant has not explained how it would lead to the production of admissible evidence in this case.

Interrogatory 4 asks plaintiff to state his employment history for the past 20 years. Because plaintiff's response is adequate, I will deny defendant's motion to compel any further response to this interrogatory.

Interrogatory 5 asks plaintiff for his criminal history.  Plaintiff responded that the information is available on line.  While that may be true, it is plaintiff's responsibility to provide defendant with this information in response to the interrogatory.  Defendant's motion to compel plaintiff to respond to Interrogatory 5 will be granted.

Interrogatory 6 asks whether plaintiff has been involved in any prior lawsuits or compensation claims.  I agree with defendant that plaintiff's answer is not complete.  He responds that a claim is pending with the United States Employment Equal Opportunity Commission but does not describe the claim or who it is against.  I will grant defendant's motion to compel a more complete response to this interrogatory.

Interrogatory 7 asks plaintiff to itemize his damages and explain how he arrived at them. Plaintiff responds that he does not have the means to make such damage computations. Plaintiff does not have to make detailed computations of his damages, but he does need to itemize the types of damages he is seeking in addition to the medical damages he mentions.  He should provide any additional information he has concerning the damages he is seeking.  Because this interrogatory is likely to lead to admissible evidence in this case, I will compel plaintiff to answer it.

**2.  First Request for Production of Documents**

In RFPs Nos. 1-4, defendant asks plaintiff to produce all documents, audio tapes and or videotapes that he reviewed in preparing his answers to his interrogatories, that he identified in his answers to his interrogatories, that relate to his claim, and that support his claim for damages.  In response to RFPs 1 and 2 plaintiff states that these are his notes which he is not required to provide to the defendant.  This is not necessarily correct: if plaintiff used these notes to prepare his responses or if he referred to any of these notes in his responses, then these notes are discoverable and plaintiff must produce them.

Instead of producing the documents, audiotapes and videotapes specified in RFP 3 that support his claim, plaintiff restates his claims and says more evidence will be provided at the summary judgment stage of the proceedings.  This is not a sufficient response.  The requested evidence is discoverable and plaintiff must produce it.

In response to RFP 4, plaintiff asserts that no such documents exist.  I will not order plaintiff to produce nonexistent documents.

RFP 5 asks plaintiff to sign an authorization for disclosure of employment records.  Plaintiff responds that he signed the request.  Based on this assertion, I will deny the motion to compel as  moot.

RFPs 6, 8, 9, 10 and 11 ask plaintiff to produce notes, statements, personal diaries or calendars, emails or other documents  relating to his claims.  Plaintiff responds that these notes are evidence in his case and will be provided at the summary judgement stage, and further, that no diaries or emails exist.  Because it is difficult to determine from defendant's requests what information it is seeking, plaintiff may have difficulty determining what information to provide.

Therefore, I will compel plaintiff to produce–now, not later–those documents on which he intends to rely in proving his case.  If defendant wants additional disclosures, it needs to provide a more specific request.

RFP 7 asks for correspondence that plaintiff asserts does not exist.  Based on this assertion, I will deny the motion to compel a response to this RFP.

### 3.  Second Set of Interrogatories and Request for Production of Documents

Defendant's Second set of Interrogatories and Request for Production of documents asks plaintiff to sign an authorization to release of information.  Given the nature of the claim for damages, some of plaintiff's medical/psychiatric information could be discoverable, but defendant provides no justification for seeking *all* of plaintiff's medical records for the past several years.  Defendant has two options: it can ask plaintiff to produce medical information relevant to his claims or can ask him to sign a narrower release form, explaining why the requested information is relevant.

### Plaintiff's Motion to Compel, dkt. 27.

### 1.  First Set of Interrogatories

Plaintiff moves to compel answers to his interrogatories 2-7, 11-13, 15, 17, 19, 21, 22, 24 and 25.

First, plaintiff moves to compel answers to interrogatories 2-6, 11 and 15 which have been answered (even though defendant noted objections).  Interrogatories 2-4 ask questions concerning the defendant's organization.  Defendant has adequately answered these interrogatories.

Interrogatories 5 and 6 ask questions about plaintiff's termination. Defendant adequately answered interrogatory 5. Interrogatory 6 asks whether anyone told plaintiff that he would be fired if he did not come to a meeting with management officials on May 30, 2007. Defendant's answer to interrogatory 6 is not responsive to the question. Therefore, defendant must provide a better response.

Interrogatory 11 asks if any African American employee has been terminated for filing a complaint of discrimination. Defendant answered in the negative. This is a sufficient response. Interrogatory 15 asks why plaintiff was not promoted or given a raise after receiving a degree in May 2005. Defendant responded that plaintiff was given a raise. This is a sufficient response. I will compel defendant to answer Interrogatory 6, but I will deny plaintiff's motion to compel answers to interrogatories 2-5, 11 or 15.

Second, plaintiff moves to compel different answers to interrogatories 7 and 10. Interrogatory 7 asks whether defendant gave bad employment reference for plaintiff. Defendant responded that it had not received any reference requests for plaintiff. Interrogatory 10 ask whether any other African American complained to defendant about racial harassment. Defendant responded that Victoria Williams and Tony Pitman complained about being called a racially derogatory name. Plaintiff now claims that defendant did not answer these interrogatories honestly.

The purpose of a motion to compel discovery is not to challenge the truthfulness of the response but rather to compel a party to *answer* the interrogatory. Defendant has done that, so there is nothing for the court to compel. I note, however, that I am construing defendant's answer to Interrogatory 10 as the only incidents that are responsive to the interrogatory. If this is not the case, then, defendant must disclose any other incidents.

Third, plaintiff moves to compel answers to interrogatories to which defendant has objected as over-broad or not reasonably calculated to lead to discovery of admissible evidence:

Interrogatory 12 asks for the names, titles, telephone numbers and last known addresses of individuals who were promoted in the last 20 years after obtaining a certificate or degree. Defendant objects to this interrogatory as overbroad because it seeks information dating back 20 years; but nonetheless responds that during the past five years, some employees may have received promotions after obtaining a certificate or degree in a given field. Defendant must take this a step further and provide the names, titles, telephone numbers and last-known addresses of these individuals.

Interrogatory 13 asks for information about defendant's payment for classes taken by employees that did not benefit defendant directly. Defendant objects to this interrogatory as vague and overbroad, but then says certain employees are provided with tuition assistance. Defendant must amplify this response by providing, for the last five years, the class names, and employee names, job titles and race for employees who received tuition assistance from defendant.

Interrogatory 17 asks defendant whether Mr. Simpkins or Mr. Chase told plaintiff he would be terminated if he left work on May 25, 2007. Defendant responds that Simpkins and Chase no longer work for defendant and defendant does not know the answer to the interrogatory. This response is adequate.

Interrogatory 19 asked whether defendant's employment hiring practices reflect the ethnic mix within the community and whether the practices complied with certain regulations. Defendant's objected but then answered that it had exceeded the requirements for a diverse

workforce as set forth in the City of Madison's affirmative action plan.  This answer is an adequate response to the interrogatory.

Interrogatory 21 asked in what manner plaintiff disrupted defendant's business. Defendant objects to the interrogatory because it is overbroad.  In his motion, plaintiff specifies that this interrogatory concerns an incident on March 25, 2007.  Defendant must provide a substantive response to this interrogatory supplement with its evidence of any March 25, 2007 business disruption by plaintiff.

Interrogatories 22 and 25 ask for names of employees and information concerning two different incidents at defendant's workplace.  Defendant objects that these interrogatories as not reasonably calculated toward the discovery of admissible evidence.  Plaintiff does not state how this information is connected to his claims and I'm not prepared to hypothesize their relevance. Therefore, I will deny his motion to compel answers to these interrogatories at this time.

Interrogatory 24 asks for the names, titles, positions, last known addresses and telephone numbers of the African Americans who have been promoted in the last 20 years.  Defendant objects that this interrogatory is overbroad and not reasonably calculated towards the discovery of admissible evidence.  I agree that 20 years is too long a time period, but this information has the potential to be to plaintiff's discrimination claim because it may lead to evidence showing how defendant treated similarly situated employees.  Therefore, I will compel defendant to answer this interrogatory for the ten-year period from January 1, 2000 to December 31, 2009.

**B.  First Request for Production of Documents**

Plaintiff's RFP 4 asks for the ratio of African American employees to white employee over the last 20 years and the names of the African Americans employed full time and their positions. Defendant objects to this request as overbroad.  I agree that this request covers too long a timespan, but this type of information may reasonably lead to the discovery of admissible evidence.  I will require defendant to produce this information for the period 2000 to 2009.

Plaintiff's RFP 5 asks for documentation of any investigation that was conducted regarding complaints by other African Americans about mistreatment because of race. Defendant has provided this information.  I am construing this response to mean that the investigation for which the information was provided is the only investigation that occurred. In response to plaintiff's RFPs 7 and 9, defendant responds that no such documents exist.  I will not order production of nonexistent documents.  Defendant asserts that it has provided the documents responsive to RFPs 10 and 17.  Accordingly, I will deny plaintiff's motion to compel production of documents requested in RFPs 5, 7, 9, 10 and 17 and grant in part plaintiff's motion to compel production of documents requested in RFP 4.

ORDER

IT IS ORDERED that:

1.  Defendant's motion to compel plaintiff to respond to its First Set of Interrogatories 5, 6 and 7 and Request for Production of Documents 1, 2, 3, 6, 8, 9, 10 and 11 is GRANTED,

2.  In all other respects defendant's motion to compel is DENIED.

8

3.  Plaintiff's motion to compel defendant to respond to interrogatories 6, 12, 13, 21, and 24 and to produce documents in request for production of documents 4 is GRANTED.

4.  In all other respects, plaintiff's motion to compel is DENIED.

5.  The parties' motions for sanctions are DENIED and the parties will bear their own costs on these motions.

Entered this 13th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge