IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENDALE STEWART,

                Plaintiff,

v.

CAPITAL NEWSPAPERS, INC.,

                Defendant.

ORDER

09-cv-554-slc

---

On April 13, 2010, the court granted plaintiff's motion to compel defendant to respond to interrogatories 6, 12, 13, 21 and 24 and to produce documents sought in request for production of documents number 4. Now plaintiff has filed a second motion to compel these responses. For the reasons stated below, I am denying plaintiff's motion and requiring further input on whether to shift costs in favor of defendant.

In his motion, plaintiff states that he has not received the documents he requested. In RFP 4, he asks for the ratio of African American employees to white employee over the last 20 years and the names of the African Americans employed full time and their positions. I required defendant to produce this information for the period 2000 to 2009. Defendant provided the ratio and the names of all full-time African employees, their positions and their titles for the past ten years. However, plaintiff now seeks the number of white employees because he wants to figure the ratio himself. Although plaintiff did not request this information, defendant has now provided it to him. His motion to compel any further response to this request will be denied.

In addition, plaintiff asserts that he did not receive pay information for Electrician and Electrical Mechanics. Although he received this information, he now seeks for the first time, the "official" records regarding the pay rate for his co-workers. Mr. Kluetzman and Mr. Wettstein.

Defendant has provided this information, as well as a new copy of document 00024 that plaintiff complained was not "reader friendly."

Plaintiff states that defendant did not provide an answer to Interrogatory 12 as required by the court. This interrogatory asks for the names, titles, telephone numbers and last known addresses of individuals who were promoted in the last 20 years after obtaining a certificate or degree. Although in it initial response to this interrogatory, defendant responded that during the past five years come employees may have received promotions after obtaining a certificate or degree in a given field, now defendant states it has been unable to identify any employee who was promoted because he or she received a degree or certificate. This response is adequate.

Also, plaintiff objects to the defendant's answers to Interrogatories 13 and 24 , stating defendant did not provide the numbers of white employees. Interrogatory 13 asks for information about defendant's payment for classes taken by employees that did not benefit defendant directly. I required defendant to provide, for the last five years, the class names, and employee names, job titles and race for employees who received tuition assistance from defendant. Defendant provided this information to plaintiff.

As to Interrogatory 24, I required defendant to provided the names, titles, positions, last known addresses and telephone numbers of the African Americans who have been promoted in the ten-year period from January 1, 2000 to December 31, 2009. This information was provided to plaintiff. He did not request the name of white employees promoted.

Finally, plaintiff expresses concerns about his deposition, which is scheduled for May 26, 2010 at the Law Offices of Axley Brynelson, LLP. Plaintiff objects to the location , as well as to the statement in the notice that the deposition is 'subject to continuance from time to tome

2

and place to place". In its response defendant states that it accommodated plaintiff's schedule and scheduled the deposition after his classes concluded. Defendant assures the court that the deposition will be conducted in an efficient and professional fashion. Plaintiff is expected to appear for his deposition.

Both parties have moved for sanctions. In my previous order on the parties' discovery disputes, I declined to shift costs in either direction because both sides won some and lost some, so essentially it was a wash. This time around, defendant has prevailed on every point. Therefore, plaintiff has no basis to be awarded his costs. To the contrary, Fed. R. Civ. Pro. 37(a)(5)(B) directs that:

> If the [discovery] motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party . . .who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.

The rule allows two exceptions: the first does not apply because I cannot find that plaintiff's motion was substantially justified; the second might apply but I do not have enough information to determine if other circumstances would make cost-shifting unjust. So, defendant may have until May 27, 2010 to file an itemized list of its expenses, and plaintiff may have until June 3, 2010 to respond in opposition.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel defendant to respond further to interrogatories 12, 13, and 24 and to produce documents in request for production of documents 4 is DENIED;

2. Plaintiff's motion for cost-shifting is DENIED; and

3. Defendant's motion for cost-shifting is STAYED pending further submissions as directed above.

Entered this 20th day of May, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge