IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENDALE STEWART,

           Plaintiff,

v.

CAPITAL NEWSPAPERS, INC.,

           Defendant.

ORDER

09-cv-554-slc

---

On May 20, 2010, I denied plaintiff's motion to compel further discovery responses and stayed defendant's motion for cost shifting pending further submissions. On May 26, 2010, defendant's counsel, Timothy Edwards submitted an affidavit and an itemized breakdown of all the costs and fees that defendant incurred in responding to plaintiff's second motion to compel. *See* Dkt. 38. The total amount requested is $2,442.15, consisting of nine hours of attorney time at $270/hr. and $12.15 in expenses.

In opposing defendant's submission, plaintiff argues in the main that his motion to compel should have been granted and secondarily explains his thought process in moving to compel, opining that the court misunderstood what he was asking for. Plaintiff did not directly object to defendant's itemized fees or costs, although I infer that he opposes the request because he feels his motion to compel was justified.

Cost-shifting under Rule Fed. R. Civ. Pro. 37(a)(5)(B) is not a punishment, it is a make-whole rule that puts the party who prevails on a discovery motion in the position that party would have been in if no motion had been filed. Although Rule 37(a) by its terms *requires* a cost-shifting determination, in many cases neither side invokes the rule, figuring that discovery motions are part of the cost of doing business. This case is different: both sides have approached discovery aggressively and both have sought cost-shifting from the court. Fair enough.

Having considered the totality of the circumstances, I have no second thoughts about the order denying plaintiff's motion to compel and I cannot conclude that it would be unjust to require plaintiff to reimburse defendant for its attorney's time and effort responding to the latest motion. I will, however, cut plaintiff some slack because he is not well-practiced in civil discovery and appears not to have been aware that his motion was not well-taken. So, although I find that defendant's itemized request is reasonable, I am giving plaintiff a 50% discount on this one. Now that plaintiff has a finer appreciation for how discovery motions practice works, the court expects that he will endeavor to resolve his discovery disputes with defendant's attorneys in a courteous, patient and efficient manner.

ORDER

IT IS ORDERED that defendant's request for reimbursement of costs and fees pursuant to Rule 37(a)(5)(B), dkt. 38, is GRANTED IN PART and DENIED IN PART. Within six weeks, that is, not later than July 15, 2010, plaintiff shall pay $1221.00 to defendant's attorneys.

Entered this 3rd day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge